IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARJIT BHAMBRA, LAKHBIR BHAMBRA,<br><br>    Plaintiffs,<br><br>  v.<br><br>AMPCO SYSTEM PARKING, et al.,<br><br>    Defendants._____/ | No. C 08-05326 CRB<br><br>**SCHEDULING ORDER** |

    Plaintiffs' initial complaint was filed on November 25, 2008. See Dkt. #1. The complaint set forth claims against three groups of defendants: (1) the City of Oakland Defendants; (2) the Port of Oakland Defendants; and (3) the Ampco System Parking Defendants ("Ampco"). The City Defendants and the Port Defendants responded by filing motions to dismiss in January 2009. See Dkt. # 75, 77. The Ampco Defendants responded by filing answers. See Dkt. # 42 (Defendant Weiland), 43 (Defendant Ampco System Parking), 150 (Defendant Vela), 161 (Defendant Kindorf).

    On March 19, 2009, shortly before the hearing on the pending motions to dismiss, Plaintiff filed a motion for leave to file an amended complaint. See Dkt. #183. On March 23, 2009, after reviewing the first amended complaint ("FAC") that was delivered with the motion, the Court proceeded to grant the City and Port's motions to dismiss. See Dkt. #179. The Court found the new pleading did not cure the defects of the previous complaint.

That left the Ampco Defendants. On April 6, 2009, these Defendants filed a motion to dismiss. See Dkt. #188. The motion addresses Plaintiffs' FAC, but as a technical matter, the FAC was not operative as to the Ampco Defendants because the Court had not yet granted Plaintiffs' motion for leave to amend. On April 7, 2009, the Court granted the motion for leave to amend. See Dkt. #192. At this point, there was some confusion as to what date the FAC should appear on the docket. The court clerk initially entered it as filed in March, at the same time Plaintiffs' motion for leave to amend was filed. The docket was then corrected, so that the FAC appears as filed on April 7, 2009 – the date the Court granted leave to amend. See Dkt. #193.

On May 4, 2009, Plaintiffs filed a motion for entry of default as to the Ampco Defendants. See Dkt. #208. They contended that default should be entered because the time for Ampco to file a response to the FAC, filed on April 7, 2009, had passed.

The Court has denied entry of default. See Dkt. #212. Default is proper when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). Here, it can hardly be said that the Ampco Defendants have failed to defend this matter. They have filed answers and a motion to dismiss, which clearly addresses the FAC. Moreover, even if default was proper, a court may decline to enter default in a case where it is apparent that, in the exercise of its discretion, the default would be set aside. Brown v. Weschler, 135 F. Supp. 622, 624 (D.D.C. 1955). Given Defendants' multiple efforts to respond to Plaintiffs' claims and the complicated course of proceedings, the Court would certainly set aside any default pursuant to Federal Rule of Civil Procedure 60(b).

Ampco's motion to dismiss is currently calendared for May 29, 2009. Under the Local Rules, Plaintiffs' opposition would ordinarily be due on May 8, 2009. To ensure Plaintiffs have ample opportunity to respond to Defendants' motion, the Court will adjust the briefing schedule as follows:

Plaintiffs' opposition to Defendants' motion is due by Friday, May 22, 2009.

Defendants' reply is due by Friday, May 29, 2009.

1   Hearing is rescheduled for June 19, 2009.

2   **IT IS SO ORDERED.**

5   Dated: May 6, 2009

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE