IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARJIT BHAMBRA, LAKHBIR BHAMBRA,<br><br>    Plaintiff,<br><br>  v.<br><br>PORT OF OAKLAND, et al.,<br><br>    Defendants.                    / | No. CV 08-5326 CRB<br><br>**RELATED CASE ORDER** |

      This Court is in receipt of Defendant Port of Oakland's administrative motion to consider whether cases should be related, as well as the City Defendants' joinder in that motion.  Defendants argue that a new action filed in this district, <u>Harjit Bambra v. Judge Marshall True et al.</u>, No. CV 09-4685, should be related to this prior action.  This Court is also in receipt of Plaintiffs' opposition to this motion.

      This Court concludes that the cases are substantially similar, and hereby ORDERS that they be related.  Local rules provide that a newly filed case is related to a previous case where the cases "concern substantially the same parties, property, transaction or event," and where it "appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges."  Civil L.R. 3-12.  Plaintiffs in their declarations explain that the new complaint contains different causes of action and is brought against different defendants.  Nonetheless, the local rules require only that the cases concern "substantially the same parties, property, transaction or event."

Id. Regardless of the minor differences pointed out by Plaintiffs, this rule is clearly satisfied in this instance. Moreover, despite Plaintiffs' suggestion that consolidation is inappropriate where a party fails to stipulate to it, the rules do not require such a stipulation. Instead, Rule 7-11 requires only that the moving party provide a declaration that explains why a stipulation could not be obtained. Defendant Port of Oakland provided such a declaration, and hence all relevant local rules have been satisfied.

Defendants' motion is hereby GRANTED. Counsel are instructed that all future filings are to bear the initials of the newly assigned judge immediately after the case number. Any case management conference in any reassigned case will be rescheduled by the Court. The parties shall adjust the dates for the conference, disclosures and report required by Federal Rules of Civil Procedure 16 and 26 accordingly. Any deadlines set by the ADR Local Rules remain in effect.

**IT IS SO ORDERED.**

Dated: October 14, 2009

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE